hLANDRIEU, J.,
Dissenting.
Following the defendant’s conviction of second degree murder, the trial court knew that it had to sentence the defendant to life in prison. With so much at stake, before denying the defendant’s motion for new trial, the trial court should have granted defense counsel’s request for a continuance to allow him to subpoena Earnestine Taylor to testify at a hearing regarding the allegations made in her affidavit.
The majority goes too far in assuming that Ms. Taylor’s possible testimony would only be cumulative to the defendant’s and Rodney Caesar’s testimony and, therefore, would not change the result. If Ms. Taylor were allowed to testify under oath as to the allegations set forth in her affidavit and the trial court found her to be credible, I believe her testimony, when added to that of the defendant and Rodney Caesar, would raise a reasonable doubt so as to change the jury’s verdict and warrant a new trial.
I would set aside the trial court’s denial of defendant’s motion for new trial and *923 remand the matter for a hearing to allow Ms. Taylor to testify.